ASSOCIATED COMMUNITY BANCORP, INC., Connecticut Community Bank N.A., Westport National Bank, Dennis D. Clark, Plaintiffs–Appellants,

v.

**THE TRAVELERS COMPANIES, INC., St. Paul Mercury Ins. Co., Defendants–Appellees.**

No. 10–2239–cv.

United States Court of Appeals, Second Circuit.

May 11, 2011.

126

Mitchell J. Auslander (Todd G. Cosenza, Alison R. Levine, on the brief), Willkie Farr & Gallagher LLP, New York, NY, for Appellant.

G. Eric Brunstad, Jr. (Collin O'Connor Udell, Matthew J. Delude, Dechert LLP; Thomas J. Judge, Thompson, Loss & Judge, LLP, on the brief), Dechert LLP, Hartford, CT, for Appellee.

Present: RICHARD C. WESLEY, GERARD E. LYNCH, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Associated Community Bancorp, Inc., Connecticut Community Bank N.A., Westport National Bank, and Dennis Clark appeal from an April 7, 2010 judgment dismissing the complaint and a May 28, 2011 order denying their motion to reopen the judgment and file a third amended complaint of the United States District Court for the District of Connecticut (Hall, *J.*). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

"We review *de novo* the grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "We consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Id.* We likewise review "de novo questions as to the ambiguity and meaning of the language of [an insurance] contract." *State Farm Fire & Cas. Ins. Co. v. Sayles*, 289 F.3d 181, 185–86 (2d Cir.2002); *see also Bd. of Educ. v. St. Paul Fire & Marine Ins. Co.*, 261 Conn. 37, 801 A.2d 752, 754 (2002) ("[C]onstruction of a contract of insurance presents a question of law for the court which this court reviews *de novo.*") (alteration in the original).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the

same reasons stated by the district court in its thorough and well-reasoned decision.

Appellants make one argument that was not considered below, undoubtedly because it was presented to the district court only briefly at oral argument, and not presented again in either Appellants' motion to reopen or in their efforts to amend the complaint. They argue that the underlying claims against them fall within a carveback to the policy's insolvency exclusion because they allege covered acts "solely in connection with [their] investment on behalf of a customer in the stock of [an investment company or similar organization]." Assuming arguendo that Appellants raised this issue below, it is without merit. The carveback relates to investments in an investment company's "stock"—that is, in its equity. While some of the underlying complaints refer to "shares," all of them make clear that the proposed Madoff investments involved creating an investment account with Madoff, not making an equity investment in the stock of an investment company or similar organization.

We have considered Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**